IN THE MATTER OF THE ASSIGNMENT OF JOHN H. HORS-
FALLS TO JOHN W. HESSE.

An order vacating and setting aside an *ex parte* order discharging an
assignee for the benefit of creditors, and his sureties, from all liability
to the creditors, and canceling his bond, is in the discretion of the court,
and is not reviewable here.

Such an order also is not appealable, as it is not a final order within the
provision of the Code of Civil Procedure (sub. 3, § 190), regulating appeals
to this court.

The question whether the moving creditor has such an interest as author-
ized him to make the motion cannot be reviewed on appeal from such
an order.

(Argued June 3, 1879; decided June 10, 1879.)

APPEAL by John W. Hesse, general assignee for the benefit
of creditors and by Herman Odell, his surety, from order of
the General Term of the Court of Common Pleas, in and for the
city and county of New York, affirming an order of Special
Term, which vacated and set aside an *ex parte* order which
relieved the said Hesse from his trust, discharged him and
his sureties from all liability to the creditors and canceled his
bond.

*L. C. Waehner*, for appellant.

*George C. Lay, Jr.*, for respondent. The order appealed
from was not a final order, and the appeal should be dis-
missed. (Code of Civil Procedure, § 190; *Jones* v. *Derby*,
16 N. Y., 242; *Foote* v. *Lathrop*, 41 id., 358.)

*Per Curiam.* This order is not appealable. The order
of the Special Term vacated and set aside an *ex parte* order
of Judge VAN BRUNT, discharging the assignee and his sure-
ties, from any liability to the creditors of the assignor, and
canceling the assignee's bond. It was in the discretion of
the court to vacate that order. The order vacating the order
of Judge VAN BRUNT, does not show the grounds upon which

it was made. But the affidavits made on the motion presented a case upon which the court could have well decided that the original order was unprecedently granted.

The General Term had power to review the discretion of the Special Term, but this court has no such power.

The appeal must be dismissed also on the ground that the order appealed from is not a final order, within subdivision three of section one hundred and ninety of the Code.

The order does not conclude the assignee or his sureties in respect to an accounting or discharge. It merely remits them to the proceeding for that purpose, provided by chapter 466 of the Laws of 1867. The other subdivisions of section one hundred and ninety, plainly have no application.

Whether Camp had such an interest as authorized him to make the motion, was a question which this court cannot review on this appeal.

The appeal should be dismissed.

All concur.

Appeal dismissed.